<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES, | : | Hon. Faith S. Hochberg |
|  | : | Cr. Case No. 10-667 (FSH) |
| v. | : | **ORDER** |
| DUSTIN GROEMM, | : | November 27, 2012 |

This matter comes before the Court upon the request of Defendant Dustin Groemm that his Judgment of Conviction be amended to give him jail time credit back to March 24, 2010; and the Court having received an opposition from the Government; and the Court having considered the positions of the parties;

and the Court noting that while Defendant seeks to have his judgment amended, he fails to state pursuant to what authority he seeks such relief;

and it appearing that Defendants seeking such relief may move under Rules 35 ("Correcting or Reducing a Sentence") or 36 ("Clerical Error") of the Federal Rules of Criminal Procedure;

and the Court noting that Rule 35(a) provides that "within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error;"

and the Court finding that this Court lacks jurisdiction to amend Defendant's Judgment of Conviction pursuant to Rule 35 because the instant motion was filed more than a year after his sentencing;

and the Court further noting that pursuant to Rule 36, "the court may at any time correct a

clerical error in a judgment, order or other part of the record, or correct an error in the record arising from oversight or omission;"

and the Court finding that Defendant's request for credit against his federal sentence for time spent in state custody is not a "clerical error;"

and the Court therefore finding that Defendant is not entitled to relief under either Rules 35(a) or 36 of the Federal Rules of Criminal Procedure;

and the Court further finding that Defendant is not entitled to credit against his federal sentence for time spent in state custody because the time spent in state custody has already been credited toward his state sentences,[1]

**IT IS THEREFORE** on this 27th day of November, 2012,

**ORDERED** that Defendant Dustin Groemm's request that his Judgment of Conviction be amended to give him jail time credit back to March 24, 2010 is **DENIED**.

s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.

---

[1] A Defendant is not entitled to credit against his federal sentence for time spent in state custody that was credited against another sentence. See 18 U.S.C. § 3585(b). Defendant received 623 days of jail time credit, *i.e.*, from September 28, 2009 through June 12, 2011, toward his state sentence for burglary. Accordingly, Defendant has already received "jail time credit back to March 24, 2010."